# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

GEAYUN KIM and DAVID KIM, h/w,

Plaintiffs,

vs.

COSTCO WHOLESALE CORPORATION,

Defendants.

Plaintiff designates Rockland County as the place of trial.

The basis of venue is the site of the incident

**SUMMONS**

Index No:

TO THE ABOVE NAMED DEFENDANT: **Costco Wholesale Corporation**

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: September 30, 2025

By: ______________________________

Alex S. Capozzi, Esq.
BRACH EICHLER LLC
5 Penn Plaza, 23rd Fl.
New York, NY 10001
Phone: 973-364-5212
Fax: 973-618-3364
acapozzi@bracheichler.com

Case 7:26-cv-07139-KMK Document 1-1 Filed 08/21/26 Page 3 of 10

**DEFENDANT'S ADDRESS**

Costco Wholesale Corporation
999 Lake Drive
Issaquah, WA 98027

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ROCKLAND**

GEAYUN KIM and DAVID KIM, h/w,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

Defendants.

Index No:

**VERIFIED COMPLAINT**

Plaintiffs, GEAYUN KIM and DAVID KIM, by and through their counsel, Brach Eichler LLC, as and for their Verified Complaint against Defendant, states as follows:

1. At all times material hereto, GEAYUN KIM "Plaintiff," was a resident of Bergen County, State of New Jersey.
2. At all times material hereto, DAVID KIM "Plaintiff," was a resident of Bergen County, State of New Jersey.
3. At all times material hereto, COSTCO WHOLESALE CORPORATION "Defendant," was and still is a corporation duly authorized to conduct and transact business in the State of New York.
4. At all times herein mentioned, Defendant owned, leased, operated, managed, maintained, repaired, supervised, and/or controlled the premises commonly known as Costco Wholesale, located at 50 Overlook Boulevard, Nanuet, New York 10954, in the County of Rockland, State of New York (the "Premises").
5. This Court has subject matter jurisdiction over the claims asserted herein pursuant to the Constitution and laws of the State of New York.

6. Venue is proper in Rockland County in that the cause of action arose in Rockland County, at the Premises identified above.

**AS AND FOR A FIRST CAUSE OF ACTION**

7. On January 15, 2025, Plaintiff was lawfully at the premises as a business invitee, customer, and/or other lawful visitor.

8. While lawfully at the Premises, Plaintiff was caused to fall due to a dangerous and defective condition located on the floor inside the Costco store.

9. The dangerous condition included, but was not limited to: uneven or unlevel surfaces, cracked or broken flooring, inadequate repairs, trip hazards, and deteriorating grout between floor tiles.

10. At all times material hereto, the incident area lacked adequate warning signs, cones, barricades, or other visual cues alerting customers to the hazardous condition.

11. At all times herein mentioned, Defendant owed a non-delegable duty to Plaintiff to maintain the Premises, including the Incident Area, in a reasonably safe condition, to properly inspect, maintain, repair, supervise, and control the Premises, to correct dangerous conditions, perform repairs, and to warn of hazards not readily observable.

12. The occurrence and the resulting injuries were caused wholly and solely by the negligence, carelessness, and recklessness of Defendant, its agents, servants, employees, and/or contractors, in the ownership, operation, management, maintenance, repair, inspection, supervision, and control of the Premises, including but not limited to:

a) Creating, causing, and/or permitting a dangerous and unsafe condition to exist on the floor at the Incident Area;

b) Failing to properly and timely inspect the Premises and Incident Area;

c) Failing to discover and remedy the hazardous condition despite actual and/or constructive notice;

d) Failing to implement and enforce reasonable inspection procedures;

e) Failing to provide adequate mats, walking surfaces, warning signs, cones, or barriers;

f) Failing to provide adequate lighting and visibility;

g) Failing to repair, maintain, and/or replace defective flooring, equipment.

h) Violating applicable statutes, ordinances, codes, regulations, and industry standards pertaining to premises safety and maintenance; and

i) Otherwise being careless, reckless, and negligent under the circumstances.

13. Defendant, individually and/or by and through its agents, servants, employees, and/or contractors, created the dangerous condition and/or had actual and/or constructive notice of the dangerous condition for a sufficient length of time to have discovered and remedied it.

14. Defendant failed to conduct reasonable and timely inspections of the incident area; failed to implement or follow proper sweep, inspection, and maintenance protocols; failed to timely clean, dry, or otherwise address the hazardous condition; and failed to provide adequate mats, warning devices, and/or safeguards, all of which rendered the Premises unsafe for patrons.

15. As a direct and proximate result of the foregoing, Plaintiff fell and sustained serious personal injuries.

16. The above mentioned occurrence, and the results thereof, were caused by the negligence of the Defendants and/or said Defendants' servants, agents, employees and/or licensees in the ownership, operation, management, maintenance, repair and control of the aforesaid premises.

17. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

18. That by reason of the foregoing, Plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur,

expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

19. By reason of the facts aforesaid, Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, in a sum of money that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, individually, jointly, severally, and/or in the alternative, for damages, interest, attorney's fees, costs of suit, and such other relief as the Court may deem proper.

## AS AND FOR A SECOND CAUSE OF ACTION

20. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.
21. At the time and place aforesaid, Plaintiff, DAVID KIM, was the spouse of GEAYUN KIM.
22. As a result of Defendant's negligence, Plaintiff, DAVID KIM, was deprived of the services, comfort, consortium and society of his wife.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, in a sum of money that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, individually, jointly, severally, and/or in the alternative, for damages, interest, attorney's fees, costs of suit, and such other relief as the Court may deem proper.

Dated: September 30, 2025

By: ______________________________

Alex S. Capozzi, Esq.
BRACH EICHLER LLC
5 Penn Plaza, 23rd Fl.

New York, NY 10001
Phone: 973-364-5212
Fax: 973-618-3364
acapozzi@bracheichler.com

I, the undersigned, being duly sworn, depose and says that he is one of the attorneys for the plaintiff in the above-entitled action; that he has read the foregoing Summons & Complaint, and that the same is true to his own knowledge, except as to those matters stated therein to be alleged on information and belief, and as to those matters, he believes them to be true. This verification is made by deponent instead of the said plaintiff because the plaintiff resides outside the County of New York County where deponent maintains his offices.

Dated: September 30, 2025

By: ______________________________

Alex S. Capozzi, Esq.
BRACH EICHLER LLC
5 Penn Plaza, 23rd Fl.
New York, NY 10001
Phone: 973-364-5212
Fax: 973-618-3364
acapozzi@bracheichler.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

GEAYUN KIM and DAVID KIM, h/w,

Plaintiff,

Index No:

vs.

COSTCO WHOLESALE CORPORATION,

Defendants.

**SUMMONS AND VERIFIED COMPLAINT**

CERTIFICATION PURSUANT TO RULE 130-1.1a

I, the undersigned, am an attorney admitted to practice in the Courts of the State of New York, and say that my signature below is in lieu of my signature on each of the papers contained herein.

Dated: September 30, 2025

By: ______________________________

Alex S. Capozzi, Esq.
BRACH EICHLER LLC
5 Penn Plaza, 23rd Fl.
New York, NY 10001
Phone: 973-364-5212
Fax: 973-618-3364
acapozzi@bracheichler.com